IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSEA BYRD,

    Plaintiff,                    No. CIV S-10-0839 FCD DAD P

    vs.

A. LYNN, et al.,                    <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed April 29, 2010, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint. Now pending before the court is plaintiff's amended complaint.[1]

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C.

---

[1] Plaintiff first filed an amended complaint on May 3, 2010. However, on May 26, 2010, plaintiff filed a motion to supplement his amended complaint along with a revised copy of the amended complaint. Accordingly, the court will evaluate plaintiff's amended complaint filed on May 26, 2010 for screening purposes. See Fed. R. Civ. P. 15(a).

1

§ 1915A(a). The court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff names defendants Lynn, Martinez, Kelly, Hale, Kahn, and McDonald and alleges the following.  Plaintiff was transferred to High Desert State Prison (HDSP) on July 23, 2009.  (Am. Compl., Ex. A at 4.)  On August 2, 2009, plaintiff filed an inmate grievance alleging that his transfer to HDSP was retaliatory.  (Id. at 8.)  Two days later, defendant Statti screened-out plaintiff's grievance because plaintiff had failed to attach the appropriate documents to his grievance.  (Id. at 9; Ex. B at 1.)  Plaintiff attempted to re-file his grievance with the proper documentation several times thereafter, however defendant Statti continued to screen-out plaintiff's administrative appeals.  (See id. at 9-10.)

Plaintiff eventually sent a letter directly to the Warden's office complaining about his grievances being screened-out.  (See Ex. G.)  Defendant Warden McDonald replied in a letter addressed to plaintiff stating that inmate complaints must not be sent directly to his office.  (Id.)  Rather, plaintiff was required to address his grievances through the appropriate chain of command in the inmate appeal process.  (Id.)

On August 5, 2009, plaintiff appeared before defendants Lynn, Kelly, Hale, and Kahn for a classification hearing.  (Id. at 4.)  At the hearing, the defendants assigned plaintiff to work privilege group C, despite the fact that plaintiff had not been charged with a serious rules violation in over four months.  (Id.)  Accordingly, on October 25, 2009, plaintiff filed an inmate grievance against defendant Lynn for improperly classifying him in work privilege group C.  (Id.

1  at 7.)  Plaintiff also filed a writ of mandamus against defendant Lynn.  (Id.; Ex. C.)  In retaliation,
2  and in an attempt to justify her decision to classify plaintiff in work privilege group C, defendant
3  Lynn altered documents in plaintiff's central file to make it appear as if he had a history of
4  receiving security housing unit terms.  (Id. at 7.)

**ANALYSIS**

I.  Due Process

Plaintiff alleges that defendants Lynn, Kelly, Hale, and Kahn violated his rights under the Due Process Clause of the Fourteenth Amendment when the classification committee on which they served arbitrarily assigned him to work privilege group C.  (Am. Compl. at 4-5.) Plaintiff contends in this regard that pursuant to California Code of Regulations, title 15, section 3315(f), an inmate may be assigned to work privilege group C for no more than 90-days, starting from the date the serious rule violation report was adjudicated.  (See id. at 6.)  However, according to plaintiff, he had not been found guilty of a serious rule violation in over four months at the time of his assignment.  (Id. at 4.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  U.S. Const. amend XIV.  A plaintiff alleging a procedural due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002); Brewster v. Bd. of Education, 149 F.3d 971, 982 (9th Cir. 1998).  In the context of a prison disciplinary action, a prisoner may be deprived of a protected liberty interest if the action in dispute resulted in the imposition of an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995). See also Neal v. Shimoda, 131 F.3d 818, 827-29 (9th Cir. 1997).

/////

Here, plaintiff has failed to allege facts demonstrating that he has been deprived of a protected liberty interest. Inmates assigned to privilege group C have the following restrictions placed on their privileges: (1) no family visits; (2) one-fourth the maximum monthly canteen draw; (3) telephone calls on an emergency basis only as determined by institutional staff; (4) yard access is limited by institutional security needs, with no access to recreational or entertainment activities; and (5) no personal property packages. Cal. Code Regs. tit. 15 § 3044(f)(3)(A)-(E). In addition, inmates assigned to work group C are unable to earn worktime credits. Cal. Code Regs. tit. 15 § 3044(b)(5)(A). Plaintiff, however, has failed to allege facts demonstrating how these restrictions constitute "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. 472 at 484. Rather, the restrictions in question appear to be routine aspects of prison life. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (prison officials may limit an inmate's visitors, canteen draws, and telephone access); Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986) (California's work credit scheme does not implicate a liberty interest); Wyatt v. Swearingen, No. C 06-4228 RMW (PR), 2010 WL 135322 at *6-9 (N.D. Cal. Jan. 5, 2010) (prisoner's assignment to work privilege group C did not constitute an atypical or significant hardship in relation to the ordinary incidents of prison life). Accordingly, plaintiff's allegations against defendants Lynn, Kelly, Hale, and Kahn fail to state a cognizable due process claim.

In addition, plaintiff's amended complaint fails to state a cognizable due process claim against defendant Martinez. In this regard, plaintiff alleges that defendant Martinez replaced defendant Lynn as his correctional counselor. (Am. Compl. at 1.) In plaintiff's view, defendant Martinez thus had the responsibility to ensure that he was properly classified but failed to act in accordance with that responsibility. (Id.) As explained above, plaintiff's classification in work privilege group C does not implicate a liberty interest protected by the Due Process Clause. Thus, plaintiff has failed to allege facts demonstrating a causal link between defendant Martinez' actions and a deprivation of plaintiff's constitutional rights. See Johnson, 588 F.2d at

743. Accordingly, plaintiff's due process claim against defendant Martinez must also be dismissed.

## II. Retaliation

Plaintiff alleges that defendant Lynn falsified documents in plaintiff's central file in order to justify her decision to assign him to work privilege group C. (Am. Compl. at 7.) Plaintiff contends that defendant Lynn's actions had no penological purpose and were carried out solely in retaliation for plaintiff's filing of an inmate grievance and a writ of mandamus against defendant Lynn. (Id. at 6-7.)

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate penological purpose. Id.; Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Here, plaintiff's allegations state a colorable First Amendment retaliation claim against defendant Lynn.

## III. Grievance Process

Plaintiff alleges that defendant Statti violated plaintiff's First Amendment rights when defendant Statti screened out plaintiff's CDC-602 appeals regarding his classification in work group C. (See Am. Compl. at 8-11.) As the court advised plaintiff in its prior screening order, it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Thus, when a prison official screens-out or otherwise denies an inmate's grievance, the prison official does not deprive the inmate of a constitutional right. See, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or

ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to state a cognizable claim under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate grievances without any basis failed to demonstrate a deprivation of federal rights). Accordingly, plaintiff has failed to state a cognizable claim against defendant Statti.

IV.  Supervisory Liability

Finally, plaintiff alleges that defendant McDonald failed to correct the actions of his subordinates, even though he had knowledge of their alleged wrong-doing. (See Am. Compl. at 12.) Again, as the court advised plaintiff in its previous screening order, supervisory personnel are generally not held liable under § 1983 for the actions of their subordinates under a theory of respondeat superior. Thus, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Here, plaintiff has failed to allege facts demonstrating a causal link between the actions of defendant McDonald and any constitutional violation. Plaintiff merely alleges that defendant McDonald wrote him a letter stating that his complaints should be addressed through the inmate grievance system and not directly with the Warden's office. (Am. Compl., Ex. G.) Such an allegation, in of itself, is an insufficient basis for liability under § 1983. Accordingly, the court concludes that plaintiff has failed to state a cognizable claim against defendant McDonald.

**CONCLUSION**

IT IS HEREBY ORDERED that plaintiff's May 26, 2010 motion to supplement his amended complaint (Doc. No. 17) is granted.

/////

Also, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. This action proceed on plaintiff's First Amendment retaliation claim against defendant Lynn;

2. Plaintiff's Due Process claims against defendants Lynn, Kelly, Hale, Martinez, and Kahn be dismissed with prejudice for failure to state a claim;

3. Plaintiff's claims against defendant Statti be dismissed with prejudice for failure to state a claim; and

4. Plaintiff's claims against defendant McDonald be dismissed with prejudice for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 25, 2010.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
byrd0839.56