IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSEA BYRD,

        Plaintiff,                     No. CIV S-10-0839 KJM DAD P

    vs.

A. LYNN, et al.,

        Defendants.             <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to supplement his amended complaint, for a temporary restraining order and/or preliminary injunctive relief, and for appointment of counsel.

**BACKGROUND**

        Plaintiff is proceeding on his first amended complaint. Therein he alleges that he was transferred to High Desert State Prison on July 23, 2009, and shortly thereafter filed an administrative grievance because he believed the transfer was retaliatory. According to plaintiff, defendant Statti screened-out plaintiff's grievance because plaintiff had failed to attach the appropriate documents to the grievance. Although plaintiff attempted to re-file the grievance several times, defendant Statti continued to reject it. Plaintiff then sent a letter directly to the

1 Warden McDonald's office complaining about defendant Statti screening out his grievances, but
2 the warden replied that plaintiff could not send inmate complaints directly to his office and was
3 required to use the appropriate chain of command established by the inmate appeals process.
4 (Am. Compl. 4, 8-10 & Ex. G.)

5 Subsequently, plaintiff appeared before defendants Lynn, Kelly, Hale, and Kahn
6 for a classification hearing. At that hearing, the defendants assigned plaintiff to work privilege
7 group C, despite the fact that plaintiff had not been charged with a serious prison rules violation
8 in over four months. Plaintiff filed an administrative grievance against defendant Lynn for
9 improperly classifying him in work privilege group C. According to plaintiff, defendant Lynn
10 then altered documents in plaintiff's central file to make it appear as if he had a history of
11 receiving security housing unit terms. (Am. Compl. 4, 7 & Ex. C.)

12 After screening plaintiff's amended complaint, the court determined that liberally
13 construed plaintiff's allegations appeared to state a cognizable claim for retaliation against
14 defendant Lynn. In addition, however, the court determined that plaintiff's allegations failed to
15 state a cognizable claim under the Due Process Clause against defendants Lynn, Kelly, Hale,
16 Kahn, and Martinez. The court also determined that plaintiff's allegations failed to state a
17 cognizable claim against defendant Statti for screening out plaintiff's administrative grievances
18 and against defendant McDonald for failing to correct the actions of his subordinates.
19 Accordingly, the undersigned issued findings and recommendations, recommending that this
20 action proceed only on plaintiff's First Amendment retaliation claim against defendant Lynn and
21 that plaintiff's remaining claims against defendants Lynn, Kelly, Hale, Kahn, Martinez, Statti,
22 and McDonald be dismissed for failure to state a claim. (See Doc. No. 18.)

23 As noted above, since those findings and recommendations were issued, plaintiff
24 has filed several motions to supplement his amended complaint, for a temporary restraining order
25 and/or preliminary injunctive relief, and for appointment of counsel.
26 /////

**DISCUSSION**

First, the court will address plaintiff's motions to supplement his amended complaint. In his various motions, plaintiff seeks leave to supplement his amended complaint with allegations against numerous proposed new defendants, including Captain Chapman, Chief Deputy Warden Davey, Captain Peddicord, Dr. Hull, Correctional Counselor Hale, Correctional Counselor Wagner, Correctional Counselor Sweeten, Correctional Officer Leauge, Correctional Officer Baumiller, Correctional Officer Lee, and others. Plaintiff also seeks to supplement his current retaliation allegations with new allegations related to various alleged incidents and conditions including a rules violation report he received for battery on another inmate and a loss of 180 days of good-time credit, filthy cell conditions, an improper double-cell assignment, a denial of religious vegetarian diet meals, and a denial of access to courts.

Under Federal Rule of Civil Procedure Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." See Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). See also Contreraz v. Stockbridge, No. 1:06-cv-01817 LJO SKO PC, 2012 WL 396503 at *1 (E.D. Cal. Feb. 7, 2012) (denying plaintiff's motion to file supplemental complaint because his proposed supplement allegations gave rise to a new causes of action); Gonzales v. Mason, No. C 07-180 SI (pr), 2008 WL 2079195 at *2 (N.D. Cal. May 15, 2008) (denying plaintiff's motion to file supplemental complaint because the proposed supplement included different defendants and new claims).

Here, plaintiff's proposed supplemental complaints should be the subject of new and separate causes of action from that presented in this action. Specifically, plaintiff's proposed supplemental claims are separate and distinct from his current claim of unlawful retaliation

3

1  against defendant Lynn and give rise to new causes of action against different defendants.  In
2  addition, allowing plaintiff to pursue his proposed supplemental claims would not promote
3  judicial efficiency, the goal of Rule 15(d).  See Planned Parenthood, 130 F.3d at 402.  See also
4  Fed. R. Civ. P. 18(a) ("A party asserting a claim . . . may join, [] as independent or as alternative
5  claims, as many claims . . . as the party has against an opposing party"); Fed. R. Civ. P. 20(a)(2)
6  (joinder of defendants not permitted unless both commonality and same transaction requirements
7  are satisfied).  Finally, there are no "technical obstacles" to plaintiff bringing a separate action
8  against the new defendants listed in his proposed supplemental complaints.  See Planned
9  Parenthood, 130 F.3d at 402.  Accordingly, the court will deny plaintiff's motions for leave to
10 file a supplemental complaint without prejudice to raising the proposed new causes of action in a
11 separate action.

12       Next, the court turns to plaintiff's motions for a temporary restraining order and/or
13 preliminary injunctive relief.  Plaintiff is advised that when an inmate seeks injunctive or
14 declaratory relief concerning the prison where he is incarcerated, his claims for such relief
15 become moot when he is no longer subjected to those conditions.  See Weinstein v. Bradford,
16 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Plaintiff has
17 notified the court that he has been transferred from High Desert State Prison to the California
18 Correctional Institution.  (See Doc. No. 39.)  Plaintiff filed two of his motions for a temporary
19 restraining order and/or preliminary injunctive relief while he was still incarcerated at High
20 Desert State Prison.  Accordingly, the court will deny those motions as moot.

21       As to the motion that plaintiff filed after his arrival at the California Correctional
22 Institution, the court will deny that motion without prejudice.  In plaintiff's motion, plaintiff
23 explains that on January 10, 2012, a law library clerk notified him that he had a court deadline
24 when in fact he did not.  Based on this alleged error by the clerk, plaintiff seeks a court order
25 prohibiting "prison officials" from interfering with his access to the courts.  As an initial matter,
26 plaintiff's motion is defective because it does not comply with the Local Rules of Court.  The

4

court will not entertain any future request or motion for injunctive relief that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 231. In addition, plaintiff is advised that he may only seek injunctive relief against individuals who are named as defendants in this action. In plaintiff's pending motion for injunctive relief, he seeks an order against "prison officials." This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Finally, plaintiff's motion fails to state a claim for relief. It is well established that a plaintiff must demonstrate an "actual injury" to state a cognizable claim for denial of access to the courts. Plaintiff has not alleged that he suffered any actual injury here as a result of the clerk's alleged error. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989); see also Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) ("The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'") (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). Accordingly, plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief will be denied without prejudice.

Finally, the court will address plaintiff's motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary

5

assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's various motions for leave to supplement his complaint (Doc. Nos. 26, 28, 30, 34 & 37) are denied without prejudice to raising the proposed new causes of action in a separate civil action;

2. Plaintiff's motions for a temporary restraining order and/or preliminary injunctive relief (Doc. Nos. 27 & 29) are denied as moot;

3. Plaintiff's motion for a temporary restraining order and/or preliminary injunctive relief (Doc. No. 42) is denied without prejudice; and

4. Plaintiff's motion for appointment of counsel (Doc. No. 31) is denied.

DATED: March 26, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
byrd0839.tro