IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOSEA BYRD, | | |
| | Plaintiff, | No. CIV S-10-0839 KJM DAD P |
| vs. | | |
| A. LYNN, et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS & RECOMMENDATIONS</u> |
| _____/ | | |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. The operative complaint before the court is plaintiff's amended complaint filed on May 26, 2010. (Doc. No. 16.) Pending before the court are plaintiff's motion to supplement his amended complaint and defendant's motion to dismiss on the grounds that plaintiff's claims are barred by the Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (Doc. Nos. 51 & 55.)

**PROCEDURAL HISTORY**

       On April 8, 2010, plaintiff filed his original civil rights complaint in this action. (Doc. No. 1.) On April 29, 2010, the court dismissed plaintiff's complaint and granted him leave to amend. (Doc. No. 10.) On May 26, 2010, plaintiff filed his amended complaint. (Doc. No. 16.) On August 26, 2010, the undersigned screened plaintiff's amended complaint and issued

1

findings and recommendations in which it was concluded that plaintiff had failed to state a cognizable due process claim and recommended that he be permitted to proceed only on his retaliation claim against defendant Lynn. (Doc. No. 18.) On March 29, 2012, the assigned District Judge adopted those findings and recommendations in their entirety. (Doc. No. 44.)[1]

On August 30, 2012, defendant filed a motion to dismiss the amended complaint.[2] (Doc. No. 55.) On September 20, 2012, plaintiff filed his opposition to defendant's motion. (Doc. No. 56.) On September 26, 2012, defendant filed a reply in support of the motion to dismiss. (Doc. No. 57.) On October 5, 2012, plaintiff filed an unauthorized "counter reply" to the pending motion. (Doc. No. 58.)[3]

/////

---

[1] While the August 26, 2010 findings and recommendations were pending, and prior to their adoption in full, plaintiff filed various motions to supplement his complaint with new allegations against numerous proposed new defendants, as well as second, third and fourth amended complaints. (Doc. Nos. 26, 28, 30, 34, and 37.) On March 26, 2012, plaintiff's motions were denied without prejudice to his raising of the proposed new causes of action in a separate civil action. (Doc. No. 43.) As noted, on March 29, 2012, the assigned District Judge adopted this court's findings and recommendations, recommending that plaintiff be allowed to proceed in this action solely on his retaliation claim against defendant Lynn. (Doc. No. 44.) Nonetheless, on May 21, 2012, plaintiff filed yet another motion to amend or supplement his amended complaint to attempt to once again state a due process claim against defendant Lynn. (Doc. Nos. 51 & 52.) The undersigned will recommend that plaintiff's motion to amend or supplement be denied in light of the assigned District Judge's order that this action is proceeding solely on plaintiff's retaliation claim against defendant Lynn. In addition, on April 9, 2012, plaintiff filed a motion for reconsideration of the District Judge's March 29, 2012 order adopting the undersigned findings and recommendations. (Doc. No. 46.) Therein, plaintiff merely repeats the arguments that he made in his objections. Accordingly, the undersigned will also recommend that plaintiff's motion for reconsideration (Doc. No. 46) be denied.

[2] On July 13, 2012, defendant filed a motion for a 45-day extension of time in which to file a responsive pleading. (Doc. No. 53.) The court inadvertently overlooked the motion and defendant has filed the pending motion to dismiss within the time requested. The court therefore now grants defendants' motion for extension of time in which to respond nunc pro tunc and finds defendant's motion to dismiss to be timely filed.

[3] In light of plaintiff's pro se status and out of an abundance of caution, the court has considered his unauthorized pleading. However, in light of the number of unauthorized pleadings including amended complaints plaintiff has submitted in this action, he is forewarned that the court will not do so in the future. Plaintiff will be required to comply with the Local Rules as well as the Federal Rules of Civil Procedure.

**BACKGROUND**

Plaintiff is proceeding in this action on his 46-page amended complaint filed on May 26, 2010. (Am. Compl. (Doc. No. 16).) Therein, plaintiff alleges that he was transferred to High Desert State Prison (HDSP) from Calipatria State Prison on July 23, 2009 in retaliation for his filing of a civil rights complaint against Calipatria prison officials.[4] (Id. at 10.[5]) On August 5, 2009, defendant Lynn recommended to HDSP's Classification Committee that plaintiff be assigned to Privilege Group C. (Id. at 10 and 25.) Plaintiff alleges that defendant Lynn based her classification recommendation solely on instructions given to her by Calipatria prison officials, that the recommendation was made in violation of applicable regulations, and that no legitimate penological goals were served by his assignment to Privilege Group C. (Id. at 10-11.) Plaintiff alleges that the classification recommendation reflected defendant Lynn's participation in the continuing retaliation against, and harassment of, plaintiff by prison officials at Calipatria. (Id. at 11.) Specifically, plaintiff alleges in his amended complaint that

> The defendant [Lynn] retaliated by altering certain documents with in [sic] the plaintiff's central file[.] With out [sic] any authorization the defendant [Lynn] on 1-26-09 altered CDC R.R. 115 violations to make them appear as if the plaintiff had a history of SHU terms wish [sic] justified the placement of the plaintiff on privilege group "C."

(Id.) Plaintiff suggests that he had suffered no disciplinary convictions within the previous four months that would support his "C" classification and that defendant Lynn altered the disciplinary records in his central file to support that classification decision and in retaliation for plaintiff

/////

---

[4] In this regard, plaintiff's amended complaint refers to Case No. 09-55522 D.C. No. 3:09-cv-01459-DMS which he filed in the U.S. District Court for the Southern District of California. In that case the Ninth Circuit affirmed the district court's dismissal of plaintiff's Eighth Amendment and Due Process claims. See Byrd v. Arias, 411 Fed. Appx. 105 (9th Cir.), cert. denied, 131 U.S. 2453 (2011).

[5] Page number citations to to the parties' filings, such as this, are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

filing the his inmate appeal and the petitions for writ of mandate in the Lassen County Superior Court. (Id. at 4, 6, 9 & 11-12.)

On October 25, 2009, plaintiff filed an inmate appeal challenging both his classification assignment to Privilege Group C and defendant Lynn's refusal to change that classification. (Id. at 6, 11, 13, and 23.) On November 5, 2009, defendant Lynn denied plaintiff's appeal at the informal level of review, concluding that plaintiff did not meet the requirements to be removed from Privilege Group C status and that a classification hearing would be scheduled for him. (Id. at 23.) On November 31, 2009, plaintiff filed two petitions for writ of mandate in the Lassen County Superior Court seeking a court order requiring that he be provided a new classification hearing and that the rejection of his inmate appeals be reversed.[6] (Id. at 6 and 11.) On December 4, 2009, plaintiff's inmate appeal was received by the appeals coordinator at the first formal level of review. (Id. at 23.) On the same day, the appeals coordinator screened out plaintiff's inmate appeal because it was filed after the applicable 15-day time limit. (Id. at 14 and 22.)

Plaintiff's classification hearing was scheduled for December 8, 2009, but was postponed until January 27, 2010. (Id. at 6.) At that hearing, plaintiff appeared before a panel which included defendant Lynn. (Id. at 8.) The classification committee again assigned plaintiff to Privilege Group C. (Id.)

On January 27, 2010, after his classification hearing, plaintiff submitted another inmate appeal against defendant Lynn for "falsification of information, not classification," which was received by the appeals coordinator on January 29, 2010. (Id.; see also Pl.'s Opp'n (Doc. No. 56) at 9.) On January 29, 2010, that inmate appeal was screened out. (Pl.'s Opp'n (Doc. No.

---

[6] On March 4, 2010, plaintiff's petition for writ of mandate in which he sought an order requiring that he be provided a classification hearing was denied by the Lassen County Superior Court as moot. (Am. Compl. (Doc. No. 16), 34.) On that same date, plaintiff's petition for writ of mandate in which he challenged the screening out of his inmate appeal was denied on the grounds that his inmate appeal was improperly and untimely filed. (Id. at 45.)

4

56), 9-10.) On February 3, 2010, plaintiff resubmitted the inmate appeal. (Id. at 9.) On February 5, 2010, that inmate appeal was screened out once again. (Id. at 9 and 11.)

In short, plaintiff's remaining retaliation claim is based on his contention that defendant Lynn falsified disciplinary records in his central file to assign him to Privilege Group C and that she did so in retaliation for plaintiff filing of an inmate appeal and petitions for a writ of mandate in state court. (Am. Compl. (Doc. No. 16), 8 and 11-12.)  Attachments incorporated into the amended complaint include CDCR prison disciplinary records for plaintiff reflecting discipline imposed upon plaintiff for various RVRs in 2009. (Id. at 42-43.)

## ARGUMENTS OF THE PARTIES

Defendant moves to dismiss the amended complaint solely on the grounds that plaintiff's success on his retaliation claim would necessarily invalidate the prison disciplinary convictions, the records of which he claims were falsified in retaliation for his pursuit of administrative and legal remedies. (Mem. of P. & A. (Doc. No. 55-1), 1, 3-5.) Defendant asserts that such success would "necessarily imply the invalidity of his R.R. and 90-day forfeiture of credit." (Id. at 4.) Defendant asserts that under the decision in Heck v. Humphrey, 512 U.S. 447 (1994), plaintiff cannot pursue his retaliation claim unless he first overturns the disciplinary convictions, the records pertaining to which he claims were falsified by defendant. (Id. at 4-5.)

Plaintiff's opposition to defendant's motion to dismiss is difficult to decipher. However, it appears that plaintiff is arguing that in his amended complaint he specifically does not challenge his disciplinary convictions, but rather seeks to challenge only defendant Lynn's acts of altering his disciplinary records so as to support his adverse classification which she undertook in retaliation against him. (Pl.'s Opp'n (Doc. No. 56), 1-4; Pl.'s Counter Reply Opp'n (Doc. No. 58) at 2.) In this regard, plaintiff suggests that his retaliation claim has no connection to the validity of any disciplinary conviction he may have suffered.

In reply, defendant suggests that plaintiff may be contending that because no disciplinary hearing was held at the time defendant Lynn allegedly falsified his R.R. records he is

5

1  not required to overturn his disciplinary conviction before pursuing his retaliation claim. (Def.'s
2  Reply (Doc. No. 57) at 2-3.) Defendant then argues in conclusory fashion that any such
3  argument is unpersuasive because it ignores the fact that plaintiff was found guilty at a
4  disciplinary hearing.
5       For the reasons set forth below the court concludes that all of the arguments
6  advanced by the parties, both those that are conclusory as well as those that are convoluted, have
7  missed the mark.

**DISCUSSION**

I. Retaliation

Defendant moves to dismiss plaintiff's sole claim, his retaliation claim, under Federal Rule of Civil Procedure 12(b)(6) on the basis that a plaintiff cannot state a claim on which relief could be granted. See Beets v. County of Los Angeles, 669 F.3d 1038, 1041 (9th Cir. 2012) ("[W]hether plaintiff's civil action is barred by Heck is a question of law . . . .")

Under the First Amendment, retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983 even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). Although retaliation is not expressly referred to in the Constitution, it is actionable because retaliatory actions may tend to chill the exercise of constitutional rights. Perry v. Sindermann, 408 U.S. 593 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate[7] (2) because of (3) that prisoner's protected conduct, and that

/////

/////

---

[7] For purposes of evaluating a retaliation claim, an adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

6

such action (4) chilled the inmate's exercise of his First Amendment rights[8], and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

II. Application of Heck v. Humphrey

As noted above, defendant contends that a judgment in plaintiff's favor on his retaliation claim would necessarily imply the invalidity of a prison disciplinary conviction suffered by plaintiff since his retaliation claim is based on the contention that his prison disciplinary record was falsified and/or altered by defendant Lynn. As such, defendants argue, his retaliation claim is barred by the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 447 (1994).

In Heck, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." Id. at 486-87. The holding in Heck applies in the context of prison disciplinary convictions where the loss of good time credits is assessed. Edwards v. Balisok, 520 U.S. 641, 648 (1997) (claims for declaratory relief and money damages challenging prison disciplinary procedures were Heck-barred because the nature of the allegations, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing); see also Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002).

However, "Heck's requirement to resort to state litigation and federal habeas before § 1983 is not implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." Muhammad v. Close, 540 U.S. 749, 751 (2004). Thus, in order for Heck to apply, it must be found that a judgment in plaintiff's favor would

---

[8] Prisoners have a constitutional right to file prison grievances and pursue civil rights litigation in the courts. See Rhodes, 408 F.3d at 567. Prison officials may not retaliate against prisoners for exercising these rights. See Id. at 568; see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997); Bradley v. Hall, 64 F.2d 1276, 1279 (9th Cir. 1995).

7

necessarily imply the invalidity of his prison disciplinary conviction. See Lockett v. Saurdini, 526 F.3d 866, 873 (6th Cir. 2008) ("[W]e conclude that Lockett's First Amendment retaliation claim is analytically distinct from [his prison disciplinary conviction] and therefore does not implicate Heck."); see also Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995) (Declining to impose a Heck bar to a claim of a retaliatory prison disciplinary charge because, "[a]n action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for different reason, might have been legitimate."), cert. denied, 516 U.S. 1084 (1996)

Here, plaintiff specifically disavows challenging any disciplinary conviction that actually appear in his records. Rather, apparently the sole basis for plaintiff's retaliation claim is his allegation that defendant Lynn falsified or altered those disciplinary records to make his record of receiving RVRs to appear more serious and/or more recent than they were. Plaintiff alleges that defendant Lynn falsified or altered his record in this way in retaliation for his filing of an inmate appeal and petitions for a writ of mandate. Under these circumstances, were plaintiff to prevail on his retaliation claim no prison disciplinary conviction that he actually suffered would be called into question in the slightest. Accordingly, his retaliation claim is not Heck-barred.[9]

**CONCLUSION**

The court pauses to note that the analysis undertaken above is not intended to suggest any view of the merits of plaintiff's strikingly unusual claim that defendant Lynn falsified and/or altered his prison disciplinary records in order to support an adverse classification

---

[9] Moreover, plaintiff is alleging that as a result of the retaliatory altering of his disciplinary record he received an adverse classification with limited programming and privileges. In this regard, his retaliation claim does not appear to implicate the duration of his confinement but instead focuses on the conditions of his confinement - a proper subject of a § 1983 action. See Muhammad, 540 U.S. at 751; Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) ("[W]e hold that the favorable termination rule does not apply to § 1983 suits challenging a disciplinary hearing or administrative sanction that does not affect the overall length of a prisoner's confinement.")

decision and that she did so in retaliation for his pursuing of inmate appeals and legal actions. Indeed, those allegations may strain one's credulity to the maximum extent permissible. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). Nonetheless, plaintiff's retaliation claim as presented by him is not Heck-barred. However, that claim would certainly seem susceptible to pre-trial resolution by way of summary judgment motion if the veracity of the disciplinary record with respect to plaintiff relied upon by the Classification Committee and/or the lack of a retaliatory intent by defendant Lynn was established by the undisputed evidence placed before the court.[10]

        Accordingly, IT IS HEREBY ORDERED that defendant's July 13, 2012 request for an extension of time (Doc. No. 53) is granted nunc pro tunc;

        Also, IT IS HEREBY RECOMMENDED that:

        1. Plaintiff's April 9, 2012 motion for reconsideration (Doc. No. 46) of the court's March 29, 2012 order be denied;

        2. Plaintiff's May 21, 2012 motion to amend or supplement his amended pleading (Doc. No. 51) be denied; and

        3. Defendant's August 30, 2012 motion to dismiss (Doc. No. 55) be denied.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

---

[10] To show that the adverse action was taken because of protected conduct, a plaintiff must submit evidence linking the alleged retaliation to the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A prisoner must also establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt. Healthy City Board of Ed., 429 U.S. at 285-86. However, retaliatory motive may be inferred from the timing and nature of the alleged retaliatory activities. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314-16 (9th Cir. 1989). Nonetheless, a mere allegation of a retaliatory motive is insufficient to defeat a motion for summary judgment. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994).

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
byrd0839.2.mtd