1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HOSEA BYRD,

11              Plaintiff,                    No. 2:10-cv-0839 KJM DAD P

12        vs.

13   A. LYNN,

14              Defendant.                ORDER

15   _____/

16          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate

18   Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

19          On March 7, 2013, the magistrate judge filed findings and recommendations,

20   which were served on both parties and contained notice that any objections to the findings and

21   recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the

22   findings and recommendations.

23          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

24   304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the file,

25   the court finds the findings and recommendations to be supported by the record and by the

26   proper analysis.

1

1    On April 9, 2012, plaintiff filed a motion asking the court to reconsider its order

2  of March 29, 2012, in which  the court dismissed claims against defendants Lynn, Kelly, Hale,

3  Martinez, Kahn, Statti and McDonald.  *See* Order (Docket No. 44).  Having carefully considered

4  the motion to reconsider (ECF 46), the court finds it should be denied.

5    Plaintiff asserts his classification in privilege group "C" imposes restrictions that

6  constitute atypical and significant hardships relative to the ordinary incidents of prison life.

7  (ECF 46 at 3.)  Some of these restrictions not previously considered by the magistrate judge or

8  the undersigned are denial of: curtained showers; in-cell television or radio; and opportunity to

9  work or attend school.  (*Id.* at 4.)  But these restrictions do not constitute atypical and significant

10  hardships relative to the ordinary incidents of prison life.  *See, e.g., Wyatt v. Swearingen*, C 06-

11  4228 RMW (PR), 2010 WL 135322, at *9 (N.D. Cal. Jan. 5, 2010) (no liberty or property

12  interest in prison employment) (citing *Hoptowit v. Ray,* 682 F.2d 1237, 1254-55 (9th Cir. 1982)).

13  Restrictions that have been found to constitute atypical and significant hardships include, by

14  contrast, involuntary administration of psychotropic drugs, transfer to a medical hospital, and

15  assignment to a supermax facility restricting all human contact and confinement to cells for

16  twenty-three hours per day.  *Id.* at *7-8.

17    Accordingly, IT IS HEREBY ORDERED that:

18    1.  The findings and recommendations filed March 7, 2013, are adopted in full.

19    2.  The motion for reconsideration of the court's order of March 29, 2012 (ECF

20  No. 46) is denied.

21    3.  The motion to amend or supplement plaintiff's pleading (ECF No. 51) is

22  denied.

23    4.  The motion to dismiss (ECF No. 55) is denied.

24  DATED:  March 29, 2013.

25

26    UNITED STATES DISTRICT JUDGE