UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOSEA BYRD,

        Plaintiff,

   v.

A. LYNN,

        Defendants.

No. 2:10-cv-0839 KJM DAD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is now before the court on defendant Lynn's motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure due to plaintiff's alleged failure to exhaust his administrative remedies prior to bringing suit as required. Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

Plaintiff is proceeding on his amended complaint against defendant Lynn. In that amended complaint, plaintiff alleges that on August 5, 2009, defendant Lynn recommended to High Desert State Prison's ("HDSP") Classification Committee that plaintiff be assigned to Privilege Group C. Plaintiff alleges that defendant Lynn falsified disciplinary records in his central file to support that classification decision in retaliation for plaintiff filing an inmate appeal and a petition for writ of mandate in state court. (Am. Compl. at 8, 10-12 & 25.)

1

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'") (quoting Jones, 549 U.S. at 218).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most inmate appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to

2

the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense. See Jones, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendants bear the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. That burden, however, is "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendants need only show the existence of a grievance procedure that plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996) and Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005)).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. Albino, 697 F.3d at 1031. For example, where prison officials improperly screen out inmate grievances, they render administrative remedies effectively unavailable. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." Id. See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

If the district court concludes that the prisoner has not exhausted administrative remedies and is not excused from doing so, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120. See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

**DISCUSSION**

Based on the evidence presented by both parties in connection with the pending motion to dismiss, the court finds that plaintiff failed to properly exhaust his administrative remedies prior to bringing suit as required. See Woodford, 548 U.S. at 83-84 (a prisoner does not satisfy the

1    PLRA exhaustion requirement "by filing an untimely or otherwise procedurally defective
2    administrative grievance or appeal."). Specifically, plaintiff filed one inmate appeal, referred to
3    as HDSP-09-01939, which he pursued through the third level of review after he transferred to
4    HDSP and before he filed his complaint in this civil action. (Def.'s Mot. to Dismiss (ECF No.
5    63), Lozano Decl. Ex. A.) However, as defense counsel observes, the complaint that plaintiff
6    expressed in that inmate appeal was regarding Lieutenant Dharlingue's disciplinary sanctions
7    imposed against plaintiff for purportedly refusing to accept a cellmate and not about defendant
8    Lynn's alleged retaliatory conduct that plaintiff complains of in this civil rights action. (Id.) The
9    Ninth Circuit has made clear that the primary purpose of an inmate appeal is "to notify the prison
10   of a problem." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). Plaintiff's allegations set
11   forth in inmate appeal HDSP-09-01939 could not have alerted prison officials to any problem he
12   allegedly experienced with defendant Lynn and therefore did not give prison officials a fair
13   opportunity to respond to the claims he has now presented against the moving defendant in this
14   civil rights action.
15           In his opposition to defendant Lynn's pending motion to dismiss, plaintiff argues that in
16   addition to inmate appeal HDSP-09-01939, he also filed a separate inmate appeal regarding
17   defendant Lynn's alleged retaliatory conduct, but prison officials interfered with his efforts to
18   pursue that complaint through the inmate appeals process thereby rendering administrative
19   remedies effectively unavailable to him. (Pl.'s Opp'n to Def.'s Mot. to Dismiss (ECF No. 68) at
20   2-3 & Pl.'s Decl. & Attachs.) Plaintiff has attached to his opposition a copy of the inmate appeal
21   upon which he relies in support of his argument as well as two appeal screening forms he
22   received from prison officials informing him that the inmate appeal in question was incomplete
23   because he did not attach the necessary supporting documents. (Id.) Plaintiff is correct that the
24   court may excuse a prisoner from complying with the exhaustion requirement when prison
25   officials render administrative remedies effectively unavailable. See Albino, 697 F.3d at 1034.
26   In this case, however, plaintiff's evidence submitted to the court does not establish the he should
27   be excused from complying with the exhaustion requirement. Rather, plaintiff's exhibits show
28   that prison officials twice screened out his inmate appeal in which he complained of defendant

1  Lynn's actions because plaintiff failed to attach CDC Form 128-G Classification Committee
2  documents to it.  Under the governing California regulations, prison officials are entitled to screen
3  out an inmate appeal if it is missing the necessary supporting documents.  See Cal. Code Regs. tit.
4  15, §§ 3084.3(c)(5), 3084.6(b)(7).  As noted above, it is the state's regulations which govern the
5  determination of whether proper exhaustion has been accomplished.  See Jones, 549 U.S. at 218;
6  Woodford, 548 U.S. at 88); Marella, 568 F.3d at 1027.

7      Based on the evidence before the court, the court finds that this is not a case where prison
8  officials engaged in misconduct in handling plaintiff's inmate appeals, told plaintiff that there
9  were no available administrative remedies, or pointed plaintiff in a direction that would cause him
10 to fail in his attempts to properly exhaust his administrative remedies   See Albino, 697 F.3d at
11 1034.  Nor is this a case where prison officials refused to provide plaintiff with the required
12 grievance forms, failed to respond to properly-filed grievances, or threatened him with retaliation
13 for filing grievances.  See id. at 1034, n.7.  Here, plaintiff simply failed to re-submit his appeal
14 with the necessary supporting documents as he was twice instructed to do by prison officials.  The
15 exceptions to the exhaustion requirement apply only when prison officials take affirmative
16 actions to prevent a prisoner from properly exhausting his administrative remedies prior to filing
17 suit.  See id. at 1034.  Plaintiff  has not demonstrated that prison officials delayed or thwarted his
18 efforts to exhaust his retaliation claim or that he took all "reasonable and appropriate steps" and
19 engaged "a good faith effort" to exhaust his administrative remedies with respect to his claim.
20 See id. at 1035; Nunez, 591 F.3d 1224.

21     For all of the foregoing reasons, the court finds that defendant Lynn has carried his burden
22 of raising and proving the affirmative defense of failure to exhaust administrative remedies prior
23 to filing suit.  See Jones, 549 U.S. 216; Wyatt, 315 F.3d at 1117-19.  Accordingly, defendant's
24 motion to dismiss should be granted.

25 **CONCLUSION**

26     Accordingly, IT IS HEREBY RECOMMENDED that

27     1.  Defendant's motion to dismiss (Doc. No. 63) be granted; and

28     2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 23, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
byrd0839.57