UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSEA BYRD, | No. 2:10-cv-0839 KJM DAD P |
| Plaintiff, | |
| v. | ORDER |
| A. LYNN, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.

On October 23, 2013, the undersigned issued findings and recommendations, recommending that defendant's motion to dismiss due to plaintiff's failure to exhaust his administrative remedies prior to filing suit be granted.  Plaintiff has filed objections to the findings and recommendations in which he contends that the court should excuse him from complying with the exhaustion requirement because the defendant thwarted his attempts to exhaust his retaliation claim.  Specifically, plaintiff acknowledges that prison officials twice screened out his inmate appeal regarding defendant Lynn's alleged retaliatory conduct because he failed to attach CDC Form 128-G to it.   However, in his objections, plaintiff contends that he repeatedly requested a copy of the appropriate CDC Form 128-G from defendant Lynn, but the defendant refused to provide it to him.  Plaintiff has attached to his objections a declaration

1

signed under penalty of perjury to this effect as well as what appears to be a copy of an inmate appeal in which he complained to prison officials that his counselor was refusing to provide him with a copy of the CDC Form 128-G necessary to file his inmate appeal.

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him.  See Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010).  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)  (excusing an inmate's failure to exhaust because he was precluded from exhausting administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal).

Good cause appearing, IT IS HEREBY ORDERED that within fourteen days of the date of this order defendant Lynn shall file a reply to plaintiff's objections and show cause as to why plaintiff should not be excused from complying with the exhaustion requirement in light of his objections, sworn declaration, and exhibits.  Alternatively, defendant Lynn may move to withdraw the pending motion to dismiss.

Dated:  December 20, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
byrd0839.reply