1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HOSEA BYRD,                              No.  2:10-cv-0839 KJM DAD P

12                  Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14   A. FLYNN,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  Pending before the court is defendant's motion for summary judgment based

19   on plaintiff's alleged failure to exhaust available administrative remedies prior to filing suit as

20   required.  Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

21                                      **BACKGROUND**

22          Plaintiff is proceeding on his amended complaint against defendant Lynn.  In that

23   amended complaint, plaintiff alleges that defendant Lynn recommended to High Desert State

24   Prison's ("HDSP") Classification Committee that plaintiff be assigned to privilege group C.

25   Plaintiff alleges that defendant Lynn falsified disciplinary records in his central file to support

26   that classification decision in retaliation for plaintiff filing an inmate appeal and a petition for writ

27   of mandate in state court.  (Am. Compl. at 8, 10-12 & 25.)

28   /////

                                              1

**PROCEDURAL HISTORY**

On April 10, 2013, defendant Lynn filed motion to dismiss brought pursuant to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure arguing that plaintiff failed to exhaust his administrative remedies prior to filing suit as required.  (Doc. No. 63)  Plaintiff filed an opposition to the motion, and defendant filed a reply.  (Doc. Nos. 68 & 69)  On October 23, 2013, the undersigned issued findings and recommendations, recommending that defendant's motion to dismiss due to plaintiff's failure to exhaust his administrative remedies be granted. (Doc. No. 71)

Plaintiff filed objections to those findings and recommendations in which he argued that the court should excuse him from complying with the exhaustion requirement because the defendant thwarted his attempts to exhaust his administrative remedies with respect to his retaliation claim.  Specifically, plaintiff argued that prison officials twice screened out an inmate appeal dated January 27, 2010, in which he complained of defendant Lynn's conduct, because he failed to attach CDC Form 128-G to the inmate appeal.  According to plaintiff, he repeatedly requested a copy of the appropriate CDC Form 128-G from defendant Lynn, but the defendant refused to provide it to him.  Plaintiff attached to his objections a declaration signed under penalty of perjury to this effect and a copy of an inmate appeal in which he complained to prison officials that his counselor was refusing to provide him with a copy of the CDC Form 128-G necessary to pursue his inmate appeal.  (Doc. No. 72)

On December 23, 2013, the court ordered defendant Lynn to file a reply to plaintiff's objections and show cause as to why plaintiff should not be excused from complying with the exhaustion requirement in light of his objections, sworn declaration, and exhibits.  (Doc. No. 73) In defendant's reply, defense counsel argued that:  (1) the evidence presented in support of defendant's motion to dismiss showed that plaintiff failed to bring any inmate appeals to the third and final level of the appeals process concerning defendant Lynn; (2) plaintiff is not permitted raise new theories for the first time in his objections to the court's findings and recommendations; and (3) even if defendant Lynn had prevented plaintiff from receiving the documentation necessary to submit his inmate appeal dated January 27, 2010, plaintiff's allegations in that

1   appeal nonetheless would not have alerted prison officials to the wrongdoing alleged in his

2   complaint.  (Doc. No. 76)

3         In light of the new and potentially dispositive arguments raised by both parties during the

4   objection period, the court determined that further briefing from the parties on the issue of

5   exhaustion was warranted.  Accordingly, the court vacated its findings and recommendations and

6   denied defendant's motion to dismiss without prejudice.  The court instructed the parties to

7   address the following issues in any renewed motion based upon plaintiff's failure to exhaust

8   administrative remedies prior to filing suit:  (1) whether plaintiff's inmate appeal dated January

9   27, 2010, included sufficient detail to put prison officials on notice of his retaliation claim against

10  defendant Lynn; and (2) whether plaintiff should be excused from the exhaustion requirement

11  based on defendant Lynn's alleged efforts to thwart plaintiff's attempts to exhaust his

12  administrative remedies.  (Doc. No. 77)

13        On March 10, 2014, defendant Lynn filed a renewed motion to dismiss brought pursuant

14  to unenumerated Rule 12(b) of the Federal Rules of Civil Procedure based on plaintiff's alleged

15  failure to exhaust his administrative remedies prior to bringing suit as required.  (Doc. No. 78)

16  Plaintiff filed an opposition to the motion, and defendant filed a reply.  (Doc. Nos. 81 & 82)

17  While defendant's motion was pending, the Ninth Circuit decided Albino v. Baca, 747 F.3d 1162,

18  1168 (9th Cir. 2014), which held that a defendant may raise the issue of proper exhaustion in

19  either (1) a motion to dismiss brought pursuant to Rule 12(b)(6), in the rare event the failure to

20  exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  The Ninth

21  Circuit made clear that an unenumerated Rule 12(b) motion is no longer a proper procedural

22  device for raising the issue of exhaustion in this context.  See id. at 1169.  Pursuant to the

23  decision in Albino, on April 22, 2014, the court denied defendant's renewed motion to dismiss

24  brought pursuant to unenumerated Rule 12(b) without prejudice to the filing of a motion for

25  summary judgment.  (Doc. No. 85)

26        As noted above, now pending before court is defendant Lynn's motion for summary

27  judgment based on plaintiff's failure to exhaust administrative remedies prior to filing suit as

28  required.

**THE EXHAUSTION REQUIREMENT**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. See Woodford v. Ngo, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [] - rules that are defined not by the PLRA, but by the prison grievance process itself." Jones v. Bock, 549 U.S. 199, 218 (2007) (quoting Woodford, 548 U.S. at 88). See also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir.

4

1    2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

2          A prisoner may be excused from complying with the PLRA's exhaustion requirement if

3    he establishes that the existing administrative remedies were effectively unavailable to him.  See

4    Albino, 747 F.3d at 1172-73.  For example, where prison officials improperly screen out inmate

5    grievances, they render administrative remedies effectively unavailable.  See Sapp v. Kimbrell,

6    623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot pursue the necessary

7    sequence of appeals . . . ."  Id.  See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)

8    (excusing an inmate's failure to exhaust because he was precluded from exhausting

9    administrative remedies by a warden's mistaken instruction to him that a particular unavailable

10   document was needed for him to pursue his inmate appeal); Marella, 568 F.3d 1024 (excusing an

11   inmate's failure to exhaust because he did not have access to the necessary grievance forms to

12   timely file his grievance).

13         The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative

14   defense that defendants must plead and prove.  See Jones, 549 U.S. at 216 ("[I]nmates are not

15   required to specially plead or demonstrate exhaustion in their complaints."); Albino, 747 F.3d at

16   1168.  A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n

17   the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint.  Albino,

18   747 F.3d at 1168 & 1169.  More typically, defendants may move for summary judgment under

19   Federal Rule of Civil Procedure 56 and produce probative evidence that proves a prisoner's

20   failure to exhaust.  See id. at 1166.  If the undisputed evidence viewed in the light most favorable

21   to the prisoner demonstrates a failure to exhaust, the court should grant defendant's motion for

22   summary judgment.  On the other hand, if there are material facts in dispute, the court should

23   deny defendant's motion summary judgment.  See id.

24         **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS AND EVIDENCE**

25         Defense counsel has submitted a statement of undisputed facts supported by citations to

26   various materials in the record.  The evidence submitted by defendant Lynn in support of the

27   pending motion for summary judgment establishes the following.  On July 23, 2009, plaintiff

28   transferred from Calipatria State Prison to HDSP.  Plaintiff appeared before HDSP's Facility D

5

1   Unit Classification Committee for his initial review.  The committee consisted of members of

2   HDSP staff, including defendant Lynn.  At the classification committee hearing, plaintiff was

3   assigned to privilege group C because prison officials had previously found him guilty of two

4   serious rules violations.  (Def.'s SUDF 1-3, Doc. No. 16 at 25.)

5       On October 25, 2009, plaintiff submitted an inmate appeal challenging his assignment to

6   privilege group C.  In the appeal, plaintiff complained that on September 23, 2009, he asked

7   defendant Lynn to remove him from privilege group C because his rules violations took place

8   more than 180 days before his classification hearing, and his assignment to privilege group C was

9   therefore contrary to state regulations.  On November 5, 2009, at the informal level of review,

10  defendant Lynn denied plaintiff's request and told him that he did not meet the requirements for

11  removal from privilege group C and that he would be scheduled for a classification hearing.

12  Plaintiff also filed a writ of mandamus in the Lassen County Superior Court to compel defendant

13  Lynn to schedule a classification hearing.  That court denied his petition as moot, finding that

14  defendant Lynn had scheduled plaintiff for a classification hearing on December 8, 2009, but that

15  the hearing was postponed by the committee until January 27, 2010.  (Def.'s SUDF 4-8, Doc. No.

16  16 at 6, 23, 26 & 34.)

17      At plaintiff's classification committee hearing on January 27, 2010, defendant Lynn

18  submitted several secured housing unit term assessments to the committee to justify plaintiff's

19  placement in privilege group C.  According to plaintiff, defendant Lynn altered the

20  documentation provided to the committee to make it appear as though plaintiff had been

21  convicted of numerous secured housing unit terms to warrant privilege group C status in

22  retaliation for plaintiff having filed his inmate appeal on October 25 2009, and his writ of

23  mandamus in the Lassen County Superior Court.  (Def.'s SUDF 9-10, Doc. No. 16 at 8 & 11.)

24      After July 23, 2009, when plaintiff transferred to HDSP, but before April 8, 2010, when

25  he filed his complaint in this action, plaintiff submitted one inmate appeal to the third level of

26  review that was accepted and denied (HDSP-09-01939).  Plaintiff alleges that on January 27,

27  2010, he attempted to submit another appeal, but defendant Lynn prevented him from pursuing it.

28  In the appeal dated January 27, 2010, plaintiff requested to have allegedly false information

1    corrected on state forms.  (Def.'s SUDF 11-13, Doc. No. 78-3, Doc. No. 72 at 2, Doc. No. 71 at

2    4-5, Doc. No. 68 at 2-3 & 7-9, Doc. No. 16 at 25, Doc. No. 1.)

3                                              **ANALYSIS**

4           Based on the evidence presented by both parties in connection with the pending motion

5    for summary judgment, the court finds that plaintiff failed to properly exhaust his administrative

6    remedies prior to bringing suit as required.  See Woodford, 548 U.S. at 83-84 (prisoner does not

7    satisfy the PLRA exhaustion requirement "by filing an untimely or otherwise procedurally

8    defective administrative grievance or appeal.").

9           First, the parties do not dispute that plaintiff filed only one inmate appeal, HDSP-09-

10   01939, which he pursued through the third level of review after he transferred to HDSP and

11   before he filed his complaint in this civil action.  As defense counsel contends, and as plaintiff

12   appears to concede, inmate appeal HDSP-09-01939 did not put prison officials on notice of

13   plaintiff's claims that defendant Lynn had retaliated against plaintiff for exercising his First

14   Amendment rights.  (Def.'s Mem. of P. & A. at 5, Pl.'s Opp'n Mem. of P. & A. at 9.)  Rather, the

15   complaint that plaintiff expressed in that inmate appeal concerned Lieutenant Dharlingue's

16   disciplinary sanctions imposed against plaintiff for purportedly refusing to accept a cellmate.  The

17   Ninth Circuit has made clear that the primary purpose of an inmate appeal is "to notify the prison

18   of a problem."  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  Plaintiff's allegations set

19   forth in inmate appeal HDSP-09-01939 could not have alerted prison officials to any problem he

20   allegedly experienced with defendant Lynn or with plaintiff's placement in privilege group C and

21   therefore did not give prison officials a fair opportunity to respond to the claims he has now

22   presented against the moving defendant in this civil rights action.

23          The court now turns to the issue of whether plaintiff should be excused from complying

24   with the exhaustion requirement.  Construing the facts in the light most favorable to plaintiff, on

25   January 27, 2010, plaintiff attempted to submit an appeal concerning defendant Lynn's alleged

26   falsification of information on a state document.  On the inmate appeal form where plaintiff is

27   instructed to "Describe Problem", he stated in that inmate appeal as follows:

28   /////

                                                    7

1     I am writing this 602 against Correctional Counselor A. Lynn CCI
      for falsification of information on a state document.  She wrote a
2     CDC 629 SHU Term Assessment against me for a SHU wich [sic]
      never occurred.  See Attached CDC 629.  Also see attached CDC
3     114D lock up order for 6-30-08 and assessment of the Rule
      Conduct Violation which was a Division (E) offense non Shuable
4     Offense.  CCI A. Lynn has altered my file to make it appear as
      something that did not happen on 6-30 wich [sic] constitutes
5     falsification of information of a state document 3021 Title 15[.]

6
      On the form where plaintiff is instructed to state the "Action Requested", he wrote:
7
8     I would like this false information corrected.  This 602 regarding
      3021 CCR Title 15 falsification of information, not classification.
      See attached sheet.
9

10    (Doc. No. 60 at 7.)  As noted above, prison officials twice screened out plaintiff's inmate appeal

11    because he failed to attach CDC Form 128-G to it.  Plaintiff contends that defendant Lynn refused

12    to provide him with the appropriate CDC Form 128-G and thereby prevented him from pursuing

13    this inmate appeal.  (Pl.'s Opp'n Mem. of P. & A. at 2-8.)

14         A court may excuse a prisoner from complying with the exhaustion requirement when

15    prison officials render administrative remedies effectively unavailable.  See Sapp, 623 F.3d at

16    822; Nunez, 591 F.3d at 1224.  Cf. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The

17    obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'

18    Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need

19    not further pursue the grievance.").  Here, however, even if defendant Lynn had provided plaintiff

20    with the appropriate CDC Form 128-G and/or prison officials had not screened out plaintiff's

21    inmate appeal, and plaintiff pursued the inmate appeal in question through the third level of

22    review, plaintiff's allegations therein would not have exhausted the constitutional claims he raises

23    in this civil rights action.  See, e.g., Sapp, 623 F.3d at 823-24 ("inmate must establish . . . that he

24    actually filed a grievance or grievances that, if pursued through all levels of administrative

25    appeals, would have sufficed to exhaust the claim he seeks to pursue in federal court."); Nunez,

26    591 F.3d at 1225 ("Nunez's grievance sufficed to state his Fourth Amendment claim by "'alerting

27    the prison to the nature of the wrong for which redress [was] sought.'").

28    /////

8

1    Specifically, plaintiff's inmate appeal of January 27, 2010, would not have put prison

2    officials on notice of his claim that defendant Lynn falsified plaintiff's classification committee

3    documents in retaliation for plaintiff's filing of a prior inmate appeal and a petition for writ of

4    mandamus in the Lassen County Superior Court.  For example, plaintiff's January 27, 2010,

5    inmate appeal included no allegations with regard to his constitutionally protected conduct.  Nor

6    did that inmate appeal mention or suggest any retaliatory motive on defendant Lynn's part.  See,

7    e.g., Walton v. Hixson, No. CIV S-09-1246 GEB CKD, 2011 WL 6002919 at *2 (E.D. Cal. Nov.

8    30, 2011) (finding that a prisoner's inmate grievance complaining about prison official's

9    interference with his praying was not sufficient to alert prison to plaintiff's claim that the alleged

10    interference was in retaliation for plaintiff submitting a grievance against the official); Simpson v.

11    Feltsen, No. 2:09-cv-00302 MSB, 2010 WL 5288181 at *5  (E.D. Cal. Dec. 17, 2010) (assuming

12    that a prisoner's grievance was improperly screened out, even if it had been accepted and pursued

13    it would not have sufficed to exhaust a retaliation claim because it made no mention of the

14    prisoner's exercise of his First Amendment rights that allegedly precipitated the prisoner's

15    retaliatory transfer); Martinez v. Adams, No. 1:09cv00899 LJO DLB, 2010 WL 3912359 at *5

16    (E.D. Cal. Oct. 5, 2010) (finding a failure to exhaust a retaliation claim because plaintiff's

17    grievances did not "mention retaliation or set forth facts that would alert a prison official to

18    retaliatory conduct for protected conduct"); Gonzalez v. Doe, No. 07-CV-1962 W (POR), 2010

19    WL 3718873 at *5 (S.D. Cal. Sept. 20, 2010) ("Even construed liberally, Plaintiff's comments in

20    his Director's level appeal cannot be read as anything more than claims regarding the seriousness

21    of having false confidential information in a prison file, which does not provide notice that the

22    grievances included retaliation."); Trevino v. McBride, No. 1:08-cv-1649 AWI DLB PC, 2010

23    WL 2089660 at *3 (E.D. Cal. May 21, 2010) (finding plaintiff had "not sufficiently alerted the

24    prison officials to a problem regarding retaliatory acts by correctional officers . . . as there is no

25    linkage mentioned between previously filed lawsuits and the Defendants' deprivation of his

26    property."); Thomas v. Sheppard-Brooks, No. 1:06-cv-01332 LJO YNP PC, 2009 WL 3365872 at

27    *5 (E.D. Cal. Oct. 16, 2009) (prisoner's inmate grievance did not provide prison officials with

28    notice of retaliation claim because he failed to notify prison officials that his cell housing without

1  light was retaliatory).  This case is no different than those which resulted in the decisions cited

2  above.

3        In sum, even viewing the undisputed evidence in the light most favorable to plaintiff that

4  evidence establishes that plaintiff failed to exhaust administrative remedies prior to filing suit as

5  required.  The court further finds that in light of the evidence produced on summary judgment

6  plaintiff has failed to establish that the court should excuse him from complying with the

7  exhaustion requirement.  Accordingly, defendants' motion for summary judgment should be

8  granted.

9  **CONCLUSION**

10        Accordingly, IT IS HEREBY RECOMMENDED that:

11      1.  Defendant's motion for summary judgment (Doc. No. 86) be granted;

12      2.  Plaintiff's retaliation claim against defendant Lynn be dismissed without prejudice for

13  failure to exhaust administrative remedies prior to filing suit; and

14      3.  This action be closed.

15        These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20  objections shall be filed and served within seven days after service of the objections.  The parties

21  are advised that failure to file objections within the specified time may waive the right to appeal

22  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  Dated:  October 28, 2014

24

25  DAD:9
   byrd0839.57(2)

26                DALE A. DROZD
                 UNITED STATES MAGISTRATE JUDGE

27

28

10